Samuel J. Moses *vs.* Katzenberger at al.

In Special Term—SPENCER, J. presiding.

### SAMUEL J. MOSES *vs.* KATZENBERGER et al.

Where one creditor makes a stipulation for an additional benefit or security to himself, without the knowledge of others, it is a fraud on the latter; and the effect will be to destroy any security which may have been given to him, even for the legal amount of the composition.

Where a debtor gives his note to one creditor as a bonus, in consideration that he will procure the remainder of the creditors to compound, being a fraud on one side, it is a fraud on both; and the principle, *in pari delicto, melior est conditio possidentis*, applies. The Court will leave them where it finds them.

The facts in this case, as they appear from the petition, answer, and proof of plaintiff himself, are, that the plaintiff, being indebted to the defendants and other creditors, in the amounts specified in three several judgments, entered into an agreement with the defendants, by which the latter undertook to procure from the other creditors of the plaintiff, a release of their several judgments, on payment of twenty five cents on the dollar; in consideration of which, the defendants were to receive twenty five per cent. additional. In pursuance of this agreement, an instrument was drawn up, between the plaintiff on the one side, and the defendants and other creditors on the other, by which the plaintiff agreed to give his promissory notes for said amount, to the said creditors, payable in 12, 15, and 18 months; and upon the punctual payment thereof, the creditors agreed to release and satisfy their several judgments.

At the same time, the plaintiff, without the knowledge of the other creditors, gave his note to the defendants for $91.16, the additional sum stipulated for.

The plaintiff, having paid the composition notes to the defendants, asks a judgment, requiring the defendants to specifically carry out the agreement on their part, by causing satisfaction of the judgment mentioned therein,

to be entered up of record; and at ' the same time that the defendants might be required to cancel the note given for the excess; alleging that the agreement for the giving of the same, was a fraud upon the other creditors.

J. ABRAHAM for plaintiff; WALKER, KEBLER, and FORCE for defendant.

SPENCER, J.

Upon a view of the entire case, the Court is of opinion with the plaintiff, that the contract is void, as being made in fraud of third persons.

Both parties agree, that one shall use his exertions to procure a release from the other creditors, on a supposition by the latter that all creditors are faring alike; whilst, in fact, the defendants are to receive double the amount that the others receive. But, the agreement is not void for the *excess merely* ; if at all, it is void *in toto*. Where one creditor makes a stipulation for an additional benefit or security to himself, without the knowledge of others, it is a fraud on the latter; and the effect will be to destroy any security which may have been given to him, even for the legal amount of the composition. 11 *Adol.* & *El.* 1033, (39 *Eng. C. L.* 315): *Chitty on Con.* 592.

If the agreement be void on the one side, it is so also on the other; both parties being equally criminal. The plaintiff occupies the unenviable position of asking to be freed on his part from the obligations of a contract alleged to be a fraud upon others, whilst at the same time he seeks a performance on the part of the defendants. He does not, in the expressive language of the law, come into Court with clean hands. And we cannot imagine a case where the general, if not universal principle of law

better applies, that where an agreement appears to be illegal, immoral, or against public policy, a Court of Justice will leave the parties where [it finds them.   4 *Ohio,* 419.

Judgment will therefore be entered for the defendant, with costs.